IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS E. HUMPHREY, | ) |
| | ) Civil Action No. 23-109J |
| Plaintiff, | ) Chief Judge Mark R. Hornak |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 51 |
| PA. DEPT. OF CORRECTIONS; UNIT MANAGER WITT; RNS CREVLING *SUED IN THEIR OFFICIAL AND/OR INDIVIDUAL CAPACITIES, JOINTLY AND SEVERALLY,* | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

Pending before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 51. The motion is filed on behalf of Defendants Pennsylvania Department of Corrections ("DOC"), Unit Manager Rebecca Witt ("Witt"), and Registered Nurse Supervisor Crevling ("Crevling") and seeks to dismiss the Second Amended Complaint for failure to state any claim for relief. The pending motion presents the fourth time the Court considers the Plaintiff's claims after the denial of his motion for preliminary injunctive relief and a recommendation for and the eventual dismissal of his Amended Complaint. See ECF Nos. 27, 38, 39. Because Humphrey fails to correct the pleading deficiencies previously identified by the Court, it is recommended that the Court grant Defendants' Motion to Dismiss and dismiss the Second Amended Complaint with prejudice.

1

## II. REPORT

### A. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts and procedural history are well-known by the parties and thus are only briefly recounted here. Plaintiff Douglas E. Humphrey ("Humphrey") filed this civil rights action against Defendants on May 31, 2023, and proceeds *pro se*. ECF Nos. 1, 2. Humphrey alleges that Defendants violated his constitutional and statutory rights by depriving him of access to a preferred prison gym at DOC's State Correctional Institution – Laurel Highlands ("SCI – Laurel Highlands"), and by a change in cell location. ECF No. 44. He also makes a reference to the loss of access to the main prison library and chapel services.

In the Second Amended Complaint, Humphrey narrows his lawsuit from fifteen claims to five claims, as follows.

1. Count I – First Amendment Retaliation claim against Defendant Witt.

2. Count II – Fourteenth Amendment Equal Protection claim against Defendant Witt (cell change).

3. Count III – Fourteenth Amendment Equal Protection claim against Defendant Witt (access to out of unit activities).

4. Count IV – Americans with Disabilities Act and Rehabilitation Act claims against DOC.

5. Count V – Intentional Infliction of Emotional Distress against DOC.

Defendants move to dismiss each claim because the averments in the Second Amended Complaint fail to state claims upon which relief can be granted.

B.      **STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct…," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In assessing the plaintiff's claims, "the Court must accept all non-conclusory allegations in the complaint as true, and the non-moving party 'must be given the benefit of every favorable inference.'" Mergl v. Wallace, No. 2:21-CV-1335, 2022 WL 4591394, at *3 (W.D. Pa. Sept. 30, 2022) (quoting Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) and Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)). "However, the Court 'disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.'" Mergl, 2022 WL 4591394, at *3 (quoting City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878–79 (3d Cir. 2018) and James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012)).

Where, as here, the plaintiff is proceeding *pro se*, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1962). "Yet 'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" Vogt v. Wetzel,

3

8 F.4th 182, 185 (3d Cir. 2021) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

    C.    DISCUSSION

        1.    **First Amendment – Retaliation**

Defendants move to dismiss Humphrey's First Amendment retaliation claim at Count I for failure to state a claim on which relief can be granted. ECF No. 52 at 3-6.

As explained in the Court's prior Report and Recommendation, "[t]o state a First Amendment retaliation claim, a prisoner plaintiff must allege (1) that the conduct which led to the alleged retaliation was constitutionally protected; (2) that he suffered some adverse action at the hands of the prison officials; and (3) a causal link between the [protected conduct] and the adverse action [in that the] conduct was a substantial or motivating factor in the decision to take that action." Oliver v. Roquet, 858 F.3d 180, 190 (3d Cir. 2017) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quotation marks omitted); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990)). An adverse action is one sufficient to "deter a person of ordinary firmness from exercising his First Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (internal quotations and citations omitted). The third element, causation, requires a plaintiff to establish either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

In the Second Amended Complaint, Humphrey sets forth several acts that he alleges Witt took in retaliation against him. ECF No. 44 ¶ 48. However, Humphrey fails to connect the acts to protected speech or otherwise allege a plausible retaliatory causal relationship to state a claim under the First Amendment.

Humphrey alleges that Witt retaliated against him on July 17, 2022, by removing him from his laundry position. The exhibits offered in support of his Second Amended Complaint confirm that during his July 7, 2022 neurology appointment, it was noted that Humphrey suffered increasing weakness and paresthesia. ECF No. 44 ¶ 48; ECF No. 45-2 at 1.[1] A counselor later confirmed that he was removed from the laundry pursuant to "medical instructions." ECF No. 45-3 at 1. Critically, Humphrey does not allege that he participated in any constitutionally protected activity before July 17, 2022. Therefore, if as alleged, Witt notified staff on July 16, 2022, that Humphrey was removed from his laundry position, Humphrey fails to set forth any facts to support an element of a retaliation claim against her.

Humphrey also reasserts his claim that Witt retaliated against him on February 3, 2023, by moving him from E Block to A Block because he "spoke to Defendant Witt about how to release some medical records," and "returning to work in the laundry after completing his physical therapy." ECF No. 44 ¶¶ 19, 20, 47. He alleges that the cell move resulted in the loss of his position as activities director and as a committee member of the Inmate General Welfare Fund. Id. The Court dismissed these claims because the facts alleged fail to support an inference that he was engaged in constitutionally protected conduct activity equivalent to a grievance when he discussed his records and asked about his job, or that his request for information was a substantial or motivating factor in the decision to move him. ECF No. 38 at 10-11 (citing Mack v. Warden Loretto FCI, 839 F.3d 286, 300 (3d Cir. 2016) (oral grievance is constitutionally protected), with Martin v. Wetzel, No. 1:18-CV-00215, 2021 WL 2926005, at *18 (W.D. Pa. July 12, 2021) (a prisoner's request for a meeting is not constitutionally protected activity for purposes of a

---

[1] Humphrey submitted the July 7, 2022 report from his neurologist as an exhibit to a brief in support of his Amended Complaint. The exhibit is undisputedly authentic and was provided to support Humphrey's claims. Thus, the Court properly considers the report. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

retaliation claim); Mullin v. Balicki, No. 11-247, 2019 WL 2315044, at *4 (D.N.J. May 31, 2019) ("while the filing of official grievances regarding medical care constitutes protected activity, Plaintiff does not cite any cases – and the Court is unaware of any – in which the mere verbal request for medical care by a prisoner constitutes protected activity for the purposes of a First Amendment retaliation claim.")). Humphrey's Amended Complaint adds no additional facts to warrant a different result.

Humphrey again fails to state a retaliation claim related to Witt's instructions to staff in June 2023 that barred his use of the main prison gym. As before, he points to a grievance submitted February 6, 2023 related to his cell change, and to a conversation on or before June 7, 2023, when Witt informed Humphrey that as a skilled care inmate, he was not permitted to use the main gym. ECF No. 44 ¶¶ 47, 52, 53. But Humphrey provides a copy of a Medical Restriction form dated June 7, 2023 in support of his Second Amended Complaint. ECF No. 45-5 at 1. The form is prepared by J. Greenwell and instructs Humphrey that as a skilled care inmate, he may not participate in gym activities until he is "medically cleared." Id. The form instructs Humphrey to "[s]ubmit a sick call and have Medical change your restrictions if you feel there has been an error." Id. This form makes clear that medical personnel implemented the gym restriction and are the authorizing source for its removal. Thus, Humphrey's pleadings and referenced exhibits confirm that the gym restriction did not result from an unrelated February 2023 grievance or a conversation with Witt regarding his unauthorized use of the gym.

Finally, Humphrey again fails to state a claim for retaliation based on Witt's alleged threat to issue a misconduct if Humphrey violated the gym restriction. See Naranjo v. Walter, No. 22-3435, 2023 WL 5928506, at *3 (3d Cir. Sept. 12, 2023) (non-precedential) (while the Third Circuit has not decided in a precedential opinion whether a threat alone can be a sufficiently adverse action

6

to support a retaliation claim, the issue need not be addressed where the threat "closely resembles a warning" not to violate prison rules. In that event, a "vague threat … is insufficient evidence from which a jury could conclude that [the plaintiff] suffered from an adverse action."). The Second Amended Complaint makes clear that Humphrey was not issued a misconduct and that any threat was akin to a warning that discipline could follow a violation of a clear instruction to not use the prison gym. Thus, Humphrey fails to plead facts to support any of the required elements of a First Amendment retaliation claim.

### 2. Equal Protection – Cell Change and Activity Restrictions

Defendants move to dismiss Humphrey's equal protection claims at Counts II and III for failure to state a claim. ECF No. 52 at 6-7. The Court explained that Humphrey is proceeding on a "class of one" theory and thus must allege facts sufficient to show that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To be "similarly situated," parties must be "alike in all relevant aspects." Startzell v. City of Philadelphia, Pennsylvania, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted). At the motion to dismiss stage, Humphrey must allege facts sufficient to establish the existence of similarly situated parties. Perano v. Twp. of Tilden, 423 F. App'x 234, 238 (3d Cir. 2011). But, as argued by Defendants, Humphrey again fails to allege facts that plausibly infer that he was treated differently than similarly situated inmates in relation to his cell assignment during his recovery from surgery, or in relation to off-unit activity restrictions.

Similarly situated inmates, alike in all relevant aspects, would be those with severe mobility constraints like Humphrey, who was confined to a wheelchair and suffered upper extremity weakness. His failure to identify any other similarly situated inmate – or one treated who was treated

7

differently – is fatal to his claim. In addition, Humphrey cannot overcome the plainly rational basis for the restrictions at issue. As alleged in the Second Amended Complaint, Humphrey suffered a serious accident returning to his unit from the main prison gym due to his mobility impairment. He presented additional risks attendant with his extended use of a cervical collar while confined to a wheelchair during treatment and recovery and suffered upper extremity weakness. ECF No. 44 ¶¶ 18, 26. The decisions related to the availability of heightened levels of care for on-unit activities and to account for the risks of attending off-unit activities were, as noted in response to his grievances, for Humphrey's "safety and wellbeing." ECF No. 45-7. Thus, a rational basis exists for a temporary reassignment to a cell block with a higher level of individual care as well as for the restrictions to unit-based activities and to unit-based exercise equipment. Accordingly, it is recommended that the Court dismiss Humphrey's equal protection claims at Counts II and III of the Second Amended Complaint.

### 3. ADA and RA Claims

Defendants move to dismiss Humphrey's claims against the DOC under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 79, regarding restrictions to his use of the prison's main gym. ECF No. 52 at 8-10. Defendants argue that Humphrey fails to cure the previously identified pleading deficiencies. The Court agrees.

Humphrey alleges that the restrictions at issue are discriminatory and prevent skilled care inmates like him from using the prison's main gym and enjoying the benefits and equal opportunity "of weight and cardio equipment in the gym." ECF No. 44 ¶¶ 95-131. Id. ¶ 131. The ADA "require[s] public entities[ ] ... to provide, in all of their programs, services, and activities, a reasonable accommodation to individuals with disabilities." Furgess v. Pennsylvania Dep't of

Corr., 933 F.3d 285, 287 (3d Cir. 2019). "State prisons fall squarely within the statutory definition of 'public entity,'" and therefore must provide "services, programs, or activities" in accordance with the ADA's requirements. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).

> As to each service or program,
>
> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." Thus, to state a claim under Title II of the ADA, plaintiffs must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability. Where compensatory damages are sought, a plaintiff must also show intentional discrimination under a deliberate indifference standard. The elements of a claim under the RA are the same, except that the plaintiff must also show that the program in question received federal dollars.

Durham v. Kelley, 82 F.4th 217, 225 (3d Cir. 2023). To show intentional discrimination under the deliberate indifference standard, "[a] claimant must allege '(1) knowledge that a federally protected right is substantially likely to be violated ... and (2) failure to act despite that knowledge.'" Id. at 226.

Through the Second Amended Complaint, Humphrey again confirms that exercise equipment is available on all units, including A and E Blocks, where skilled care inmates reside. ECF No. 44 ¶¶ 124, 128, 129. Thus, as the Court held when it resolved Humphrey's motion for preliminary injunctive relief, "he was not 'denied' a service because he had substitute gym access in the form of in-Unit exercise equipment." ECF No. 27 at 12. Further, the denial of access to the main prison gym was not "because" of his disability. Rather, "Humphrey has been denied access to the main gym because prison officials are concerned for his safety given his underlying medical conditions, the medical Units in which Humphrey can use exercise equipment are staffed by

9

medical professionals, and if injury were to occur, Humphrey is better positioned to receive immediate treatment and care in these Units. 'Thus, although [Plaintiff] may not have gotten the [type of access to services] he wished,' what he received instead was reasonable." Id. (quoting Defreitas v. Montgomery Cnty. Corr. Facility, 525 F. App'x 170, 177 (3d Cir. 2013)); see also ECF Nos. 45-5, 45-7 (prison grievance response and restriction notice). Because the Second Amended Complaint makes clear that DOC has provided Humphrey reasonable accommodation for exercise equipment and activities in his housing unit, he fails to state a claim for relief under either the ADA or the RA.

### 4. ADA/RA Intentional Infliction of Emotional Distress

In Humphrey's Amended Complaint, he alleged a state law claim for the intentional infliction of emotional distress. ECF No. 20 (Count XIV). The Court previously held that his state law claim was barred by Pennsylvania's broad sovereign immunity statute. ECF No. 38 at 26 (citing Hill v. Barnacle, 655 F. App'x 142, 148 (3d Cir. 2016) and 1 Pa. C.S. § 2310). Humphrey now alleges claims for the recovery of emotional distress damages under the ADA and RA. Such relief is unavailable under either statute. See Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212, 219-21 (2022) (damages for punitive damages and recovery for emotional distress damages are unavailable under the Rehabilitation Act); Doherty v. Bice, 101 F.4th 169, 175 (2d Cir. 2024) (Title II of the ADA expressly limits the remedies recoverable to those set forth in the Rehabilitation Act; accordingly, because recovery for emotional distress is not recoverable under Section 504, "such recovery is likewise unavailable under Title II of the ADA"). Thus, it is recommended that Humphrey's claims for intentional infliction of emotional distress under the ADA and RA be dismissed.

### 5. Dismissal with Prejudice

The United States Court of Appeals for the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). A district court is justified in denying leave to amend upon "[a] plaintiff's 'repeated failure to cure deficiencies by amendments previously allowed ....'" Kitko v. Young, 575 F. App'x 21, 27 (3d Cir. 2014) (quoting Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004)).

Here, Humphrey was granted an opportunity to amend his complaint and was provided substantial guidance as to the weaknesses of his claims in the Court's earlier Report and Recommendation and in the Court's Opinion resolving his motion for preliminary injunctive relief. However, Humphrey has failed to correct the identified pleading deficiencies by alleging facts necessary to permit his claims to go forward. Thus, it appears that further amendment would be both inequitable and futile. Under these circumstances, it is respectfully recommended that the Court dismiss the Second Amended Complaint with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections within fourteen days of the date of this Report, or seventeen days within the date of this Report for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell

v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: December 10, 2024

cc:     The Honorable Mark R. Hornak
        United States Chief District Judge

        All counsel of record by Notice of Electronic Filing

        Douglas E. Humphrey
        CL4146
        SCI Laurel Highlands
        5706 Glades Pike
        P.O. Box 631
        Somerset, PA 15501